UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23mj03211 Goodman

UNITED STATES OF AMERICA

vs.

HORACE SAPPLETON,

    Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? **No**

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? **No**

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? **No**

          Respectfully submitted,

          MARKENZY LAPOINTE
          UNITED STATES ATTORNEY

By:   */s/ Joshua L. Banker*_____
      Joshua L. Banker
      Assistant United States Attorney
      Major Crimes
      Court ID No. A5502947
      99 NE 4th Street, 6th Floor
      Miami, Florida 33132
      Tel: 305-961-9209
      Email: joshua.banker@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| Horace Sappleton | ) Case No. 1:23mj03211 Goodman |
|  | ) |
|  | ) |
|  | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 12, 2023__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) & (b)(2) | Attempted reentry of removed alien |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Raul Hernandez, Border Patrol Agent DHS-CBP
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __FaceTime__

Date: __6/16/2023__

_____
Judge's signature

City and state: __Miami, Florida__   Hon. Jonathan Goodman, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Raul Hernandez, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am employed as a Border Patrol Agent with the United States Department of Homeland Security, Customs and Border Protection, United States Border Patrol, in Dania Beach, Florida. I have been so employed since September 2001. I am currently assigned to the Human Smuggling Group, where I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security. Such matters include violations of the immigration and customs laws of the United States. I have completed the U.S. Border Patrol Academy at the Federal Law Enforcement Training Center regarding proper investigative techniques, including the application for and execution of search, arrest, and seizure warrants, for violations of federal laws.

2. This Affidavit is submitted in support of a criminal complaint charging Horace SAPPLETON with illegal reentry of a removed alien, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

3. The statements contained in this Affidavit are based on my personal knowledge, as well as information provided to me by other law enforcement officials and witnesses involved in this investigation. I have not included in this Affidavit each and every fact known to me. Rather, I have included only the facts that are sufficient to establish probable cause for the issuance of a criminal complaint against SAPPLETON for the above-described criminal violation.

## PROBABLE CAUSE

4. On or about June 12, 2023, Sector Miami Command Center (SECMIA) received notification from the United States Coast Guard (USCG) Cutter MANOWAR that they located a

SUSPECT VESSEL travelling westbound without navigational lights, approximately 30 nautical miles east of Miami, Florida. USCG launched two small vessels and notified Customs and Border Patrol Air and Marine Operations (AMO) who also launched a Coastal Interceptor Vessel. All units converged on the SUSPECT VESSEL. The SUSPECT VESSEL was stopped approximately 10 nautical miles east of Miami, Florida.

5. AMO identified 11 persons on board the SUSPECT VESSEL, to include 5 Jamaicans (one of whom was SAPPLETON), 3 Brazilians, 1 Colombian, 1 Syrian, and 1 Bahamian. All 11 occupants were transferred to the USCG Cutter MANOWAR for biometrics and identification purposes. Biometrics checks confirmed that SAPPLETON is a Jamaican citizen and that he had prior immigration and criminal arrests.

6. An immigration history check revealed that SAPPLETON was ordered removed from the United States on December 6, 1996. He was removed on August 29, 2019, following a term of imprisonment.

7. A criminal history check revealed that SAPPLETON pleaded guilty to Conspiracy to Possess with Intent to Distribute 1,000 Kilograms or More of Marijuana, in violation 21 U.S.C. §§ 841 & 846; Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) in the United States District Court for the Eastern District of Virginia. That court sentenced SAPPLETON to 420 months of imprisonment, a sentence which was later reduced to 189 months. *See United States v. Sappleton*, No. 1:03-CR-00345 (E.D. Va.).

8. The criminal history check revealed that SAPPLETON had also been convicted of several state charges, including an October 16, 1990 New York state conviction for selling narcotics and an April 2, 1992 New York state conviction for Burglary in the First Degree with an

Explosive or Deadly Weapon.

9. During a post-*Miranda* interview, SAPPLETON stated he paid $5,0000 to be smuggled to the United States. SAPPLETON admitted to being convicted in the United States for conspiracy to distribute marijuana and that he was sentenced to 14 years in prison. SAPPLETON also stated he knew that it is a crime to illegally enter into the U.S. after being previously deported. He admitted to departing from Bimini, Bahamas, on a vessel to Florida.

10. A search of SAPPLETON's immigration records reflects that he did not have the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for readmission to the United States on June 12, 2023.

[Remainder of page left intentionally blank.]

## CONCLUSION

11.     Based on the foregoing facts, I respectfully submit that there is probable cause to believe that SAPPLETON, having been previously removed and deported from the United States, did enter and attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security, having expressly consented to such alien applying for readmission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Raul Hernandez
Border Patrol Agent
Department of Homeland Security
Customs and Border Protection

Attested to by the applicant in accordance
with the requirements of Fed.R.Crim.P. 4.1
by FaceTime this 16th day of June 2023.

_____
HONORABLE JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4