UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20273-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

HORACE SAPPLETON,

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the defendant, HORACE SAPPLETON, stipulate that, had this case proceeded to trial, the United States would have proven, beyond a reasonable doubt, the following facts, among others, pertaining to violations of Title 8, United States Code, Section 1326(a) and (b)(2).

1. SAPPLETON is a native and citizen of Jamaica. On or about June 12, 2023, law enforcement encountered SAPPLETON on a boat, which had entered United States territorial waters off the coast of Miami, Florida. SAPPLETON and the other occupants of the boat were transferred to the United States Coast Guard Cutter for biometrics checks and identification purposes.

2. Biometrics checks and immigration records confirmed that SAPPLETON is a Jamaican citizen and he had prior immigration and criminal arrests. Specifically, SAPPLETON was ordered removed from the United States on December 6, 1996. He was removed on August 29, 2019, following a term of imprisonment.

3. On or about October 16, 1990, SAPPLETON was convicted of felony criminal sale of a controlled substance, in violation of New York Penal Code § 220.39(1).

4. On or about April 2, 1992, SAPPLETON was convicted of felony burglary in the first degree with an explosive or deadly weapon, in violation of New York Penal Code § 140.30(1). He was sentenced to four and half years to nine years of imprisonment and released on October 26, 1995.

5. On or about April 14, 2006, SAPPLETON pled guilty in the U.S. District Court for the Eastern District of Virginia to three counts: (1) conspiracy with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841 and 846, (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and (3) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). On or about July 14, 2006, the district court sentenced SAPPLETON to 420 months of imprisonment, which was later reduced to 189 months.

6. At the time of the subject June 12, 2023 illegal re-entry offense, SAPPLETON was in the process of completing a five-year term of supervised release, which is scheduled to conclude on July 18, 2024.

7. There is no record reflecting that SAPPLETON applied for or received permission to apply for readmission to the United States after his removal on August 29, 2019.

8. SAPPLETON knew when he entered the United States on or about June 12, 2023, that he was not permitted to enter the United States and that it was a crime to enter the United States illegally. During a post-*Miranda* interview, SAPPLETON acknowledged that he is a Jamaican citizen and was previously removed from the United States. SAPPLETON further

admitted that he paid unidentified persons to transport him by boat from the Bahamas to the United States, which boat was interdicted on June 12, 2023, in the territorial waters of the United States.

The information contained in this proffer is not a complete recitation of all the facts and circumstances of this case, but the parties submit and agree that it is sufficient to prove beyond a reasonable doubt a violation of Title 8, United States Code, Section 1326(a) and (b)(2), that is, illegal reentry after removal.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 10-18-23   By: _____
                     THEODORE J. O'BRIEN
                     ASSISTANT UNITED STATES ATTORNEY

Date: 10/18/23   By: _____
                     PAUL PETRUZZI
                     ATTORNEY FOR DEFENDANT

Date: 10-18-23   By: _____
                     HORACE SAPPLETON
                     DEFENDANT